UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YUKOS CAPITAL S.A.R.L., et al.,

                            Plaintiffs,


                     -against-                                            15-cv-4964 (LAK)


DANIEL CALEB FELDMAN,

                            Defendant-Third Party Plaintiff,

                     -against-

DAVID GODFREY, et al.,

                            Third-Party Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x


**MEMORANDUM AND ORDER**


LEWIS A. KAPLAN, *District Judge.*


             Plaintiffs moved to compel defendant Feldman to (1) answer ten specific deposition
questions that his counsel directed him not to answer on the ground of attorney-client privilege, (2) produce
the so-called cooperation agreement between or among Feldman, on the one hand, and the Promneftstroy-
related "benefactors" who are paying his legal fees in this case, and (3) produce "documents concerning
the Yukos Group that Feldman provided to Promneftstroy or its agents."  DI 104.  Notably, Feldman, in
responding to plaintiffs' motion, has not relied upon the attorney-client privilege at all.  He has shifted
ground to a claim that the information sought is attorney work product and, indeed, opinion work product
at that.

             This motion, which was made on December 28, 2015, has been handled on an expedited
basis in view of the facts that (1) a hearing on plaintiffs' motion for a preliminary injunction will begin on
January 13, 2016, and (2) the discovery sought is said to be essential to proper development of the facts
for the hearing.

*The Deposition Questions*

   *Attorney-Client Privilege*

Although the point is moot in light of Feldman's abandonment in responding to this motion of his claim of attorney-client privilege, it is relevant to note that his abandonment of the claim was well advised.

" 'A party invoking the attorney-client privilege has the burden of showing, as to each allegedly privileged communication, that the communication was (1) between counsel and client, (2) intended to be and remained confidential, and (3) made for the purpose of providing or obtaining legal advice.' *In re Chevron Corp.,* 749 F. Supp.2d 141, 164–65 (S.D.N.Y.), *aff'd without consideration of the point sub nom. Lago Agrio Plaintiffs v. Chevron Corp.,* 409 Fed. App'x. 393 (2nd Cir.2010)." *Chevron Corp. v. Donziger,* No. 11-cv-0691 (LAK), 2013 WL 6182744 (S.D.N.Y. Nov. 21, 2013).  In order to do so, the party invoking the privilege must disclose "sufficient information to enable other parties to evaluate the applicability of the claimed privilege or protection."  1993 Adv. Comm. Note, Fed. R. Civ. P. 26(b)(5).  The local rules of this Court further provide that:

> "The following information shall be provided in the [privilege] objection, or (in the case of a deposition) in response to questions by the questioner, unless divulgence of such information would cause disclosure of the allegedly privileged information
>
> "(A)  For documents:   (i) the type of document, e.g., letter or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author, addressees, and recipients to each other;
>
> "(B)   For oral communications: (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication."  S.D.N.Y. Civ. R. 26.2.

Nine of the ten questions at issue[1] sought (a) no information concerning any confidential attorney-client communication between Feldman and his former counsel (e.g., "Do you [i.e., Feldman] have any confidential information concerning the Yukos Group that you have *not* given to Bailey & Glasser?" (emphasis added), (b) nothing more than the general subject matter of a communication or communications (e.g,, "Did you give Bailey & Glasser any documents that concerned the Yukos Group's litigation advice?"), (c) only information that was put in issue by Feldman's claim of a common interest privilege covering him and Promneftstroy and related persons ("Did you sign any conflict waiver with Bailey & Glasser?") as to which any otherwise applicable privilege impliedly was waived by the assertion of the

---

[1] The exception is the eighth of the ten questions.

claim of common interest privilege,[2] and/or (d) only information as to the existence of communications for purposes other than providing or obtaining legal advice ("What steps did you take to insure that Bailey & Glasser would not provide Promneftstroy with any confidential Yukos Group information that you might have given to Bailey & Glasser?").

*Work Product*

The new claim of work product likewise is meritless.

Feldman asserts that "[p]laintiffs request that Feldman identify the documents selected by his former counsel for review in the course of drafting the counterclaims and responding to Plaintiffs' motions." DI 106, at 2-3.  He argues that provision of such information would invade defense counsel's mental processes.  The difficulty, however, is that the deposition questions, to the extent they bear any relationship to this assertion, asked Feldman only whether he had given counsel documents that related to a handful of general subjects.  They did not ask him anything about "documents selected by his former counsel for review."

It is conceivable of course that (a) Feldman, if he provided documents on particular subjects, did so in response to specific requests to counsel, and (b) disclosure of the documents thus provided, given the circumstances, might be some evidence of counsel's views as to subjects counsel thought should be explored.  But the burden of establishing the existence of work product protection was on Feldman.  No such showing was made.

*The Cooperation Agreement*

Feldman here claims that the cooperation agreement is protected work product.

I put to one side, for the moment, the questions whether that is so, the level of protection that might apply, and whether any such protection has been overcome, as the claim was raised only in response to plaintiffs' motion and plaintiffs therefore have had no opportunity to respond.  Accordingly, plaintiffs may file a reply to this contention no later than January 6, 2016.  Feldman shall submit a copy of the agreement to chambers for *in camera* inspection no later than January 5, 2016.

*Documents Provided to Promneftstroy or Its Agents*

In the final paragraphs of its motion, plaintiffs ask that Feldman be directed to produce "documents concerning the Yukos Group that Feldman provided to Promneftstroy or its agents."

---

[2]

*Chevron Corp. v. Donziger,* No. 11-cv-0691 (LAK), 2013 WL 6182744, at *3 (S.D.N.Y. Nov. 21, 2013).

4

Feldman's response is that " there absolutely is no basis for compelling Feldman to disclose the specific documents that he provided to his former attorneys." DI 106, at 2. Thus, Feldman raises no objection to the motion insofar as it seeks an order compelling production of documents, if any, provided by Feldman to Promneftstroy or its agents other than Feldman's former attorneys, Bailey & Glasser. Nor does he here contend that his transmission of documents to Bailey & Glasser is protected by attorney-client privilege. Thus, his objection seems to be a variation of that dealt with above, viz. that production of documents provided to that law firm would disclose the lawyers' mental processes. That argument in turn rests on the unsubstantiated premise that any documents that Feldman gave the lawyers were given because the lawyers asked for documents on specific subjects as distinguished, for example, from Feldman simply turning over whatever he had, unbidden by the lawyers, at least in any way that might disclose the lawyers' mental operations.

The short answer to this is that the burden of proving that disclosure of the documents that Feldman gave to Bailey & Glasser would reveal Bailey & Glasser's thought processes was on Feldman. That burden was not sustained. Accordingly, Feldman has not established work product protection.

*Conclusion*

Plaintiffs' motion to compel [DI 104] is granted to the extent that

1.      Feldman shall appear for deposition prior to the commencement of the preliminary injunction hearing, on a date and at a time agreed by the parties, to testify in response to the questions set forth in plaintiffs' motion save for the eighth question.

2.      Feldman shall submit a copy of the cooperation agreement to chambers for *in camera* inspection on or before January 5, 2016.

3.      Feldman, on or before January 8, 2016, shall produce to plaintiffs, to the extent not previously produced, all documents concerning the Yukos Group that Feldman provided to Promneftstroy or its agents, including Bailey & Glasser.

SO ORDERED.

Dated:        January 1, 2016

_____
                        Lewis A. Kaplan
                  United States District Judge