```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
YUKOS CAPITAL S.A.R.L., et al.,

                        Plaintiffs,

        -against-                                                    15-cv-4964 (LAK)

DANIEL CALEB FELDMAN,

                        Defendant-Third Party Plaintiff,

        -against-

DAVID GODFREY, et al.,

                        Third-Party Defendants.
------------------------------------------------------------x
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/3/16

**MEMORANDUM OPINION**

Appearances:

> Mary E. Flynn
> MORRISON COHEN LLP
> *Attorney for Plaintiffs*

> Robert H. Pees
> AKIN GUMP STRAUSS HAUER & FELD LLP
> *Attorney for Richard Deitz*

LEWIS A. KAPLAN, *District Judge*.

      This matter is before the Court on plaintiffs' motion to compel compliance with a subpoena served upon non-party Richard Deitz. It raises an interesting question concerning the territorial scope of Federal Rule of Civil Procedure 45.

2

*Facts*

This case arises out of the dissolution of the former Yukos Oil Company ("Yukos Oil"), which at one point was among the largest and wealthiest companies in the Russian Federation and was the largest exporter of crude oil from Russia.[1] In 2006, however, Yukos Oil was forced into bankruptcy due to various taxes, fees, and penalties imposed by the Russian government – penalties which, in the view of Yukos Oil, were wrongful. A receiver was appointed to disperse the assets of Yukos Oil. He sold many of these to a Russian company, OOO Promnefstroy ("Promnefstroy")[2] and others to a Russian state-owned entity, Rosneft.[3] Among the assets at issue was a wholly-owned Dutch subsidiary, Yukos Finance B.V. ("Yukos B.V."), which the receiver purported to sell to Promnefstroy, and Yukos CIS ("CIS"), which the receiver purported to sell to Rosneft. The sale of Yukos B.V. to Promnefstroy was challenged in the Netherlands and has been the subject of litigation there since 2007.

The plaintiffs in this case are entities that are direct or indirect subsidiaries of Yukos B.V. and CIS as well as foundations and a trust established to protect assets of one or more of the corporate plaintiffs. They here sue Daniel Feldman, who from approximately 2006 to 2014 was a director of several of the plaintiff entities. Plaintiffs claim that Feldman breached his fiduciary duties to them by, *inter alia*, misappropriating monies for personal gain and disclosing confidential information to plaintiffs' adversary, Promnefstroy.

---

[1] Am. Compl. ¶ 15, DI 146; Answer ¶ 15, DI 148.

[2] Am. Compl. ¶ 19; Answer ¶ 19.

[3] Am. Compl. ¶ 21; Answer ¶ 21.

3

Plaintiffs seek to depose Richard Deitz, a nonparty and resident of the United Kingdom. Deitz is the president of VR Capital Group Limited, a controlling entity of Promnefstroy and signatory to a Cooperation Agreement between Promnefstroy and Feldman. To that end, plaintiffs served Deitz personally while he was in Manhattan on May 2, 2016 with a subpoena that purports to compel a deposition in New York. Deitz resists enforcement of the subpoena. He claims that he cannot be deposed in New York because he does not reside or regularly and personally transact business here.

*Discussion*

Rule 45 of the Federal Rules of Civil Procedure empowers a district court before which an action is pending to issue a subpoena compelling attendance at a deposition.[4] Such a subpoena may be served "at any place within the United States."[5] Subsection (c)(1) then limits the place where a person may be required to give a deposition to within 100 miles of "where the person resides, is employed, or regularly transacts business in person." The point of that provision is to avoid imposing excessive travel burdens on persons subpoenaed.[6]

In this case, Deitz asserts that he neither resides, is employed, nor regularly transacts business in New York. Therefore, he argues, plaintiffs' subpoena may not be enforced because it purports to require compliance in New York.

As an initial matter, there is no question as to this Court's power to issue the

---

[4] FED. R. CIV. P. 45(a)(2).

[5] *Id.* 45(b)(2).

[6] 9 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 45.51[2] (3d ed. 2015).

subpoena, as to the validity of the personal service on Deitz in New York, or as to the Court's jurisdiction over Deitz's person. Pursuant to Rule 45(a)(2), the subpoena was issued by the district court in which the action is pending. It was served in the United States in accordance with Rule 45(b)(2), which sufficed to establish jurisdiction.[7] The only question is whether plaintiffs are entitled to enforce the subpoena given that it purports to require compliance in New York.

      Plaintiffs tacitly acknowledge that Deitz neither resides nor is employed in New York. They contend, however, that he may be compelled to give a deposition in New York because he "regularly transacts business in person" here. They rely on evidence that he has visited New York approximately fifteen times since 2010 and attended several court proceedings here.[8] Deitz, however, argues that fifteen visits in six years "falls far short of the presence necessary to require him to comply with Petitioners' [sic] subpoenas."[9] And, Deitz's argument goes, the Court must

---

[7] *See Burnham v. Superior Court of California, Cty. of Marin*, 495 U.S. 604, 610 (1990) (plurality opinion) ("Among the most firmly established principles of personal jurisdiction in American tradition is that the courts of a State have jurisdiction over nonresidents who are physically present in the State.") (plurality opinion); *Pennoyer v. Neff*, 95 U.S. 714, 724 (1877) ("Where a party is within a territory, he may justly be subjected to its process, and bound personally by the judgment pronounced on such process against him."); 9 JAMES WM. MOORE, MOORE'S FEDERAL PRACTICE § 45.22[1], at 45-51 (3d ed. 2015) (presence of individual within district is sufficient to subject that individual to service of a subpoena, unless the individual is immune from service); *see also, e.g., First American Corp. v. Price Waterhouse LLP*, 154 F.3d 16, 20 (2d Cir. 1998) (rejecting due process challenge to subpoena served on foreign partnership by service on a partner present in New York); *Kadic v. Karadzic*, 70 F.3d 232, 247 (2d Cir. 1995) (upholding exercise of jurisdiction over citizen of foreign country served while visiting New York).

[8] DI 159.

[9] DI 160.

5

quash the subpoena because Deitz does not "regularly transact business" in New York.[10] However, there is no need to decide this issue because Rule 45 provides an alternate course.

Assuming *arguendo*, and without deciding, that Deitz does not regularly and personally transact business in New York, what would follow from that conclusion is only that he cannot be compelled to sit for a deposition here. If Deitz were right on the facts, the subpoena would be deficient to the extent that it purports to make New York the place of the deposition. But Rule 45(d)(3)(A)(ii) makes clear that a subpoena that improperly seeks to require compliance beyond the geographic limits imposed by Rule 45(c) may be modified with respect to the place of compliance.[11] Accordingly, given that Deitz was duly served and that the Court has jurisdiction over his person, the Court will modify the place of compliance set forth in the subpoena and enforce the subpoena as modified.

---

[10] One ancillary point bears mention. Deitz contends that this issue has been fully briefed and litigated in a related action, 15-mc-325, in which various Yukos parties seek discovery from Deitz and others pursuant to 28 U.S.C. § 1782 in aid of the litigation in the Netherlands. This misses the mark in an important respect.

Reliance on the papers from that action overlooks the distinction between the current action and a § 1782 proceeding. Section 1782 authorizes a district court "in which a person resides or is found" to order that person to give testimony or produce documents in aid of foreign litigation. Thus, whether Deitz resides or is found in New York determines whether this Court has the authority under § 1782 to order him to sit for a deposition or produce documents. In this matter, however, this Court's power to issue a subpoena to Deitz under Rule 45 is not in question. The 100-mile limitation in Rule 45 affects only the place of compliance, not whether a subpoena may issue in the first instance.

[11] *See also* MOORE'S § 45.25[1], at 45-54 ("[P]lace of service is not relevant to place of compliance."); *id.* § 45.50[5], at 45-77 ("[M]odification is generally preferred over quashing of a subpoena.").

6

*Conclusion*

Accordingly, the subpoena is modified to require that Deitz appear for and submit to a deposition

(a) Commencing on a date and at a time and place agreed upon by the parties in a written stipulation filed with the Court or, if no such stipulation is filed on or before June 10, 2016,

(b) Commencing on a date and at a time and place in London, United Kingdom, to be fixed by the Court by subsequent order on application by the plaintiffs.

The deposition shall be recorded on video and, if the parties so stipulate in writing or the Court later so orders, may be conducted by video conference.

Plaintiffs' motion to compel compliance [DI 159] is granted to the extent that Deitz shall comply with the subpoena as modified by this order and any written stipulations or subsequent order or orders of this Court, as the latter case may be.  It is denied in all other respects.

Any disobedience of the subpoena or of this or any subsequent order(s) of this Court is punishable as contempt of court and may subject the transgressor to arrest and/or criminal prosecution.

SO ORDERED.

Dated:   June 3, 2016

_____
Lewis A. Kaplan
United States District Judge