```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUKOS CAPITAL S.A.R.L., et al.,

    Plaintiffs,

-against-

DANIEL CALEB FELDMAN,

    Defendant.

Case No: 15 Civ. 4964 (LAK)

**MEMO ENDORSED**

### NOTICE OF MOTION

PLEASE TAKE NOTICE THAT Defendant Daniel Caleb Feldman ("Feldman") shall move the United States District Court for the Southern District of New York on a date to be determined by the Court for an order *in limine*, precluding certain evidence and argument as set forth in the accompanying Memorandum of Law.

This motion is based upon the declaration of Rishi Bhandari and the exhibits annexed thereto, the accompanying Memorandum of Law, and all prior proceedings and filings in this case.

Dated: New York, NY
       June 2, 2017

                                     Respectfully submitted,
                                     MANDEL BHANDARI LLP
                                     80 Pine Street, 33rd Floor
                                     New York, New York 10005
                                     (212) 269-5600

                                     By:   /s/Rishi Bhandari
                                             Rishi Bhandari

                                     *Attorneys for Defendant Daniel Feldman*

<u>Memorandum Endorsement</u>        <u>Yukos Capital SARL v Feldman, 15-cv-4964 (LAK)</u>

This motion is resolved as follows:

1. The motion to preclude PX 211 is denied as moot in light of plaintiffs' withdrawal of that exhibit.

2. Defendant seeks to preclude testimony by Messrs. Parr, Theede, and Fleischman with respect to matters as to which they allegedly denied personal knowledge during their depositions. The motion as it applies to Mr. Fleischman is denied as moot in light of plaintiffs' indication that they do not indend to call Mr. Fleischman at trial. In the event the other witnesses seek to testify to matters as to which they lack personal knowledge, defendant would be free to object. If they claim to have personal knowledge, defendant would be free to seek to impeach them with their deposition testimony. There is no reason to anticipate, let alone resolve, these matters now.

3. The crux of defendant's objection to PX 50,[1] 253, 270 and 271 is that they are not relevant because they tend to show damage to entities the claims of which have been dismissed on summary judgment or, in one case, to an entity that is not a party. The motion to preclude what has been identified alternatively as PX 50 and PX 157 is denied as moot in light of plaintiffs' withdrawal of those exhibits. Whether the remaining documents will be offered and the purpose of any such offer remains to be seen. Even on defendant's premise, they may be admissible for purposes other than proving damages to a dismissed plaintiff or a non-party. This remains to be seen.

4. Defendant seeks to preclude YHIL from offering evidence of "the vast majority of allegedly personal non-airline charges for which Plaintiffs are now seeking compensation" on the ground that Mr. Parr, who is said to have testified as a YHIL 30(b)(6) witness, said that he did not "at the moment" remember more than a few inappropriate charges. YHIL subsequently produced interrogatory answers and other materials apparently indicating additional inappropriate charges. Defendant therefore contends that it never was able to examine Mr. Parr with respect to those additional charges.

> "Under Rule 30(b)(6), when a party seeking to depose a corporation announces the subject matter of the proposed deposition, the corporation must produce someone familiar with that subject. See Fed.R.Civ.P. 30(b)(6); James Wm. Moore et al., Moore's Federal Practice, ¶ 30.25[3] (3d ed.1998). To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available "such

---

[1] In their memorandum in opposition, plaintiffs contend that defendant incorrectly referred to PX 157 as "Exhibit 50." DI 296, at 7. The Court concludes that, based on defendants' description of the documents as "a collection of credit card statements" and the substance of his objection to their admission, defendant indeed used the wrong exhibit number and that the exhibit to which the objection correctly pertains is PX 157.

number of persons as will" be able "to give complete, knowledgeable and binding answers" on its behalf. Securities & Exchange Comm'n v. Morelli, 143 F.R.D. 42, 45 (S.D.N.Y.1992) (quotations omitted); see Moore's Federal Practice, at ¶ 30.25. When a party fails to comply with Rule 30(b)(6), Rule 37 allows courts to impose various sanctions, including the preclusion of evidence. See Fed.R.Civ.P. 37(b)(2)(B); see, e.g., Commodity Futures Trading Comm'n v. Noble Metals Int'l, Inc., 67 F.3d 766, 770–71 (9th Cir.1995)." *Reilly v. Natwest Markets Group Inc.*, 181 F.3d 253, 268 (2d Cir. 1999)

When a party fails to produce a witness familiar with a subject matter identified in a Rule 30(b)(6) notice of deposition, the court may impose sanctions including, in an appropriate case, preclusion of testimony. And in determining whether and what sanctions to impose, district courts consider:

"(1) the party's explanation for the failure to comply with the discovery order; (2) the importance of the testimony of the precluded witness; (3) the prejudice suffered by the opposing party as a result of having to prepare to meet the new testimony; and (4) the possibility of a continuance." *Sofitel, Inc. v. Dragon Medical and Scientific Comm'ns, Inc.*, 118 F.3d 955, 961 (2d Cir. 1997).

Defendant's position is without merit, substantially for the reasons set forth in plaintiffs' memorandum in opposition. DI 296, at 16-18.

5. Defendant seeks also to preclude (a) PX 109-111, 130-133, 155-156, 158-160 on the ground that Mr. Parr was unable to answer some questions about them at his deposition, (b) PX 112-129, 134-137, 140-141, 143-154, 157[2] and 161 on the ground that Mr. Parr was unable at his deposition to lay a sufficient foundation for their admission, and (c) the foregoing exhibits and PX 215-217, 253-254, 256, 270-271, and 276-278 on the grounds that they had insufficient time in which to examine Mr. Parr about them and also that plaintiffs' attempt to authenticate them under Fed. R. Evid. 902(12) by declarations should be rejected because (i) defendant was not given "reasonable written notice," and (ii) some of the declarations in defendant's view are insufficient.

The first ground is rejected for the simple reason that the Rule 30(b)(6) notice pursuant to which Mr. Parr evidently was examined did not indicate that the corporate representative would be examined about these documents, either specifically or categorically.

The second ground is rejected for present purposes because Mr. Parr was under no obligation, either individually or as corporate representative, to lay a foundation for trial exhibits at his deposition in the absence of a sufficient statement in the notice that he would be examined on subjects going to the foundation for the documents in question.

---

[2] The motion is moot as to PX 157 inasmuch as plaintiffs have withdrawn it.

The contention that exhibits should be precluded because defendant had insufficient time in which to examine Mr. Parr about them is frivolous. That deposition took place a year ago. No application was made to expand the duration of the deposition.

The Rule 902(12) reasonable notice argument is unpersuasive as well. The defendant has had some of the declarations since May 12 and others since May 22. There is no suggestion in his papers that he has made the slightest effort to contact any of the declarants or otherwise to "vet" the declarations. The Court sees no reason why he could not have done so. Having failed to do so, the contention that the notice given was not reasonable is not convincing.

Accordingly, defendant's motion *in limine* [DI 276] is denied in all respects. To the extent that the denial is on the ground that the Court declines to rule on the merits of particular objections *in limine,* defendant may renew his objections at trial.

SO ORDERED.

Dated:     June 14, 2017

/s/     Lewis A. Kaplan
_____
Lewis A. Kaplan
United States District Judge