```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 9/20/2017
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

YUKOS CAPITAL S.A.R.L., et al.,

              Plaintiffs,

           -against-                               15-cv-4964 (LAK)

DANIEL CALEB FELDMAN,

              Defendant-Third Party Plaintiff,

           -against-

DAVID GODFREY, et al.,

              Third-Party Defendants.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

       Plaintiffs here seek a letter of request to the United Kingdom for the purpose of compelling the testimony of (1) Eleanor Jane Malcolm, said to be the custodian of records at Julius Baer International Limited ("Julius Baer"), a United Kingdom company, and (2) Louise Whitestone, a UK resident and former employee of Julius Baer, concerning issues said to be material to this action. Defendant has no objection to the issuance of a letter of request but asserts that (1) Ms. Malcolm has no personal information relevant to the authentication of the documents that plaintiffs hope she can authenticate or of the circumstances that gave rise to their creation, (2) one Boris Kaladny, said to be the global chief executive officer of Julius Baer should be examined in the place of Ms. Malcolm, (3) the summary of the nature and purpose of the proceeding and of the facts to be attached to any letter of request, as well as the description of the subject matter for the examination, should be expanded.

       I decline to substitute Mr. Kaladny as a witness in the place of Ms. Malcolm. For one thing, there is no evidence before me that Ms. Malcolm is not in a position to provide testimony relevant to authentication of the documents in question and/or their admissibility in evidence. Defense counsel's unsubtantiated assertion is not evidence. For another, defendant's counsel perhaps overlooks the fact that the letter of request plaintiffs seek is to obtain "evidence to be used at trial." DI 325-1, at 2. Thus, the proposed depositions are *de bene esse* – any testimony the witnesses may give in such depositions will would be for use in place of live testimony at trial. Accordingly, as the plaintiffs are masters of their case at trial, they are masters of their case during such depositions. They are at liberty to examine those witnesses they wish to call, and no others, on the subjects as to which plaintiffs wish to elicit evidence, and no others, subject of course to the defendant's right to cross-examine within the

2

bounds imposed by Fed. R. Evid. 611(b).

Accordingly, plaintiffs' motion [DI 324] is granted. Plaintiffs' shall submit to chambers three execution copies of the letter of request.

Nothing herein forecloses defendant from applying for a letter of request for Mr. Kaladny. Further, counsel should explore fully the possibility of resolving any issues concerning the authenticity and foundation for the admissibility of the documents as to which plaintiffs propose to examine Ms. Malcolm consensually and informally and thus to eliminate the need for a deposition of that witness.

SO ORDERED.

Dated:    September 20, 2017

_____
Lewis A. Kaplan
United States District Judge