UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

YUKOS CAPITAL S.A.R.L., et al.,

        Plaintiffs,

   -against-

DANIEL CALEB FELDMAN,

        Defendant.

DANIEL CALEB FELDMAN,

        Counterclaim-Plaintiff,

   -against-

YUKOS CAPITAL S.A.R.L., et al.,

        Counterclaim-Defendants.

DANIEL CALEB FELDMAN,

        Third-Party Plaintiff,

   -against-

DAVID GODFREY, et al.,

        Third-Party Defendants.

Case No. 15-4964-LAK

## **[PROPOSED] AMENDED JOINT PRE-TRIAL ORDER**

    This Proposed Amended Joint Pre-Trial Order is being submitted on behalf of the parties in the captioned matter.

## I. NATURE OF THE CASE

**PLAINTIFFS' STATEMENT**:

This action arises from the unlawful self-dealing of Defendant, Daniel Caleb Feldman ("Defendant"). Defendant collected millions of dollars by serving as a director, secretary or trustee of Plaintiffs and their affiliates, and owed fiduciary duties to them. Defendant breached his fiduciary duties through a number of different schemes. Defendant placed Plaintiffs' funds and arranged to conduct Plaintiffs' banking transactions at a bank willing to pay Defendant's accomplice secret and illicit kickbacks. Through this scheme, Defendant and his accomplice embezzled at least $3 million from Plaintiffs. Defendant also revealed privileged and confidential information belonging to Plaintiffs for his own personal gain, to the detriment of those Defendant purported to serve. Further, Defendant schemed to obtain kickbacks and unauthorized bonuses, and to obtain reimbursement for fraudulent business expenses not actually incurred. Plaintiffs seek disgorgement of all remuneration that Defendant, a classic "faithless servant," received from Plaintiffs since his breaches of duty began, which payments include, without limitation, his director emoluments, salary overpayments, purported travel and other business expenses that were reimbursed but not actually incurred in the amounts claimed, if at all, and payment for legal fees he incurred for advice on how to craft a bonus scheme to extract unwarranted money from Plaintiffs. Plaintiffs do not seek to recover from Defendant the $3 million embezzled by Defendant and his accomplice because the bank that conspired with Defendant has itself reimbursed Plaintiffs for this loss in settlement of its own potential liability in connection with the illegal kickbacks to Defendant and his accomplice.

**DEFENDANT'S STATEMENT**:

Defendant is a former director of several Yukos Group companies. For eleven years he worked diligently to defend the interests of the Yukos Group, travelling all over the world at great personal risk, appearing in courts of numerous jurisdictions, and obtaining enormous judgments against the Yukos Group's litigation adversaries. His performance of his duties was not merely adequate, but effective and extraordinary.

Feldman was terminated after objecting to the waste, mismanagement, and craven self-dealing practiced by the individuals who controlled the Yukos Group (the "Foundations Board"). With no shareholders to answer to and no oversight of any kind, the Foundations Board has repeatedly used their positions for their personal benefit. Ignoring former Yukos Oil policies and basic corporate ethics, they have paid themselves extraordinary bonuses and obtained reimbursement for outrageously extravagant personal expenses.

When Defendant refused to stay silent about corporate misbehavior, he was terminated, defamed, and had his personal electronic communications illegally searched by Plaintiffs. Plaintiffs then commenced this case to intimidate, discredit, and bankrupt Feldman as punishment for his dissention. Plaintiffs' claims are baseless, but are financed using the billions of dollars in assets of the Yukos Group. Plaintiffs seek to send a message to other directors, officers, and employees within the Yukos Group that they should remain silent and compliant, lest they be buried under a mountain of lies, threats, and costly litigation.

## II. JURY/NON-JURY

Plaintiffs are prepared to waive a jury; Defendant demands a jury trial.

## III. STIPULATED FACTS

The parties' proposed stipulated facts are attached hereto as **Exhibit A**.

## IV. EXHIBITS

## IV-A. PLAINTIFFS' EXHIBITS

Plaintiffs' Exhibit List is attached hereto as **Exhibit B**.  Plaintiffs also reserve the right to use any exhibits on Defendant's Exhibit List.

## IV-B. DEFENDANT'S EXHIBITS

Defendant's Exhibit List is attached hereto as **Exhibit C**.  Defendant also reserves the right to use any exhibits on Plaintiffs' Exhibit List.

## V. GENERAL PROVISIONS, STIPULATIONS AND OBJECTIONS WITH RESPECT TO EXHIBITS

Defendant's objections to Plaintiffs' exhibits are incorporated into the attached **Exhibit B**.  Plaintiffs' objections to Defendant's exhibits are incorporated in the attached **Exhibit C**.

## VI. PLAINTIFFS' WITNESS LIST

Plaintiffs intend to call the following witnesses at trial in their case-in-chief:

1. Daniel Caleb Feldman
2. Nicole Faucher
3. Remi Smits
4. Marc Fleischman
5. Steven Theede
6. David Godfrey
7. Martin Parr
8. William Shoff
9. Dr. Thomas Walford
10. Bernard O'Sullivan
11. Custodian of Records for Cleary Gottlieb Steen & Hamilton LLP
12. Matthew Slater
13. Athanasios Basdekis (by the deposition designations set forth in **Exhibit D**)
14. Richard Dietz (by the deposition designations set forth in **Exhibit D**)
15. Bruce Misamore (by the deposition designations set forth in **Exhibit D**)

3

16. Marc Freiberger (by the deposition designations set forth in **Exhibit D**)
17. Louise Whitestone (by the deposition designations set forth in **Exhibit D**)

Plaintiffs also counter-designate the deposition testimony set forth in **Exhibit F** in connection with the following witnesses identified above:  Martin Parr, David Godfrey, and Richard Dietz.

## VII. DEFENDANT'S WITNESS LIST

Defendant intends to call the following witnesses at trial in its case-in-chief:

1. Athanasios Basdekis (by the deposition designations set forth in **Exhibit E**)
2. Richard Deitz (by the deposition designations set forth in **Exhibit E**)
3. Daniel Caleb Feldman
4. Ronald Filler
5. Marc Fleischman (by the deposition designations set forth in **Exhibit E**)
6. Cleanthis Georgiades*
7. David Godfrey (by the deposition designations set forth in **Exhibit E**)
8. Sergei Ketcha*
9. Gretchen King*
10. Harlan Malter*
11. Dmitri Merinson*
12. Bruce Misamore (by the deposition designations set forth in **Exhibit E**)
13. Martin Parr (by the deposition designations set forth in **Exhibit E**)
14. Steven Theede (by the deposition designations set forth in **Exhibit E**)
15. Louise Whitestone (by the deposition designations set forth in **Exhibit E**)
15. YHIL – By Corporate Representative

* Witness is believed to reside outside the United States and has not been deposed.  While Defendant may attempt to secure the Witness's attendance at trial and/or obtain responsive documents from the Witness for use at trial, Defendant cannot guarantee that they will comply, either voluntarily or involuntarily.

## XI. RELIEF SOUGHT

**PLAINTIFFS' STATEMENT:**

Plaintiffs seek:

- Disgorgement of all remuneration that Defendant received from Plaintiffs since his breaches of duty began, in a total amount of more than $2,700,000.00 (which includes the repayment of an overpaid remuneration of $110,465.75); repayment of any and all fraudulent expenses, in an amount no less than $331,000.00 including all travel expense

claims over and above the amount actually incurred for travel;[1] repayment of the $99,000.00 unauthorized campaign contribution made to Georgiades and repayment of the $400,000.00 that Georgiades kept of the $1 million that Defendant authorized be transferred to him; repayment of $10,670.00 in personal travel expenses Defendant improperly charged to Plaintiffs; repayment of $8,305.00 in personal expenses charged to Defendant's company credit card; and repayment of legal fees paid by Plaintiffs that were incurred by Defendant for advice on how to craft a bonus scheme to extract unwarranted money from Plaintiffs, in a total amount of $35,500.00.

- An order permanently restraining Defendant and those acting in concert with him (including counsel) from disclosing to (a) third parties (including OOO Promneftstroy and its agents and conduits), any information concerning Plaintiffs' litigation strategy, legal advice, or asset protection and (b) any current litigation or arbitration adversaries of Plaintiffs, information concerning Plaintiffs which he obtained by virtue of his officer, director and/or in-house attorney positions with Plaintiffs.

- An order requiring Defendant to provide an accounting of every payment made by any banking or financial services entity in connection with, as a result of, or on account of Plaintiffs or its affiliates doing business with such banking or financial services entity and/or such banking or financial services entity rendering services to or earning fees from Plaintiffs or its affiliates, including an accounting of any "finder's fee," kickback or any other commissions or fees paid.

- Punitive damages.

- Costs and disbursements of this action, including reasonable attorneys' and experts' fees, costs and expenses;

- Dismissal of any of Defendant's remaining counterclaims.

**DEFENDANT'S STATEMENT:**

Defendant seeks:

- Dismissal of Plaintiffs' claims.

- Costs and disbursements of this action, including reasonable attorneys' fees, costs, and expenses

---

[1]    Plaintiffs state that the exact amounts cannot currently be calculated due to Defendant's failure to produce his credit card statements, despite the Court's July 18, 2016 order directing him to do so (Dkt# 179). Plaintiffs will seek an adverse inference that average overcharge, based on the available evidence, was 1.615x the amount claimed, for a total overcharge amount that should be disgorged of $331,050.21.

5

Dated: New York, New York
        September 14, 2018

                                                            SO ORDERED


                                                            _____
                                                            LEWIS A. KAPLAN, USDJ


MANDEL BHANDARI LLP                     MORRISON COHEN LLP


By:   /s/ *Robert Glunt*                By:   /s/ *Jeffrey D. Brooks*
Robert Glunt                            Mary E. Flynn (MF 4676)
Rishi Bhandari                          Jeffrey D. Brooks (JB 3109)
80 Pine Street, 33rd Floor              Valerie Sirota (VS 6041)
New York, New York 10005                909 Third Avenue
(212) 269-5600                          New York, New York  10022
Email: rb@mandelbhandari.com            (212) 735-8600
                                        E-mail: mflynn@morrisoncohen.com


*Attorneys for Defendant*               *Attorneys for Plaintiffs*
*Daniel Feldman*


BARTLIT BECK HERMAN PALENCHAR
SCOTT LLP
Glen Summers
1899 Wynkoop Street, Suite 800
Denver, CO 80202
(303) 592-3115
glen.summers@bartlit-beck.com

*Co-Counsel for Plaintiff*
*Marc Fleischman*