USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 9/17/25

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x
YUKOS CAPITAL SARL et al.,

                Plaintiffs,

       -against-

DANIEL CALEB FELDMAN,

                Defendant.
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - x

15-cv-04964 (LAK)

## MEMORANDUM OPINION

Appearances:

                Jeffrey D. Brooks
                MORRISON COHEN LLP

                *Attorneys for Plaintiff*

                Daniel Caleb Feldman

                *Pro se*

LEWIS A. KAPLAN, *District Judge.*

       The Yukos Oil Company ("Yukos Oil") once was the Russian Federation's largest exporter of crude oil. But after the Russian Federation alleged that it had underpaid its taxes by billions of dollars, Yukos Oil soon became bankrupt. The plaintiffs in this action are legal entities associated with Yukos Oil, some of which were formed to protect Yukos Oil's assets. Defendant Daniel Caleb Feldman is an American lawyer who was employed by Yukos Oil as a corporate secretary. Plaintiffs sued Feldman, alleging that he stole money from them through a variety of

2

schemes.[1]  Following a three-week trial in March 2019, a jury found Feldman liable for two

breaches of fiduciary duty.[2]  Nominal damages were awarded to Plaintiffs.[3]  The Second Circuit

substantially affirmed the judgment.[4]

More than six years later, Feldman now moves *pro se* for relief from the judgment

against him pursuant to Rule 60(b)(6).[5]  He alleges that plaintiffs hired Aviram Azari, a convicted

Israeli hacker-for-hire who presently is serving a prison sentence for computer hacking and

associated crimes,[6] to hack his emails and gain strategic advantage in the litigation against him.

Plaintiffs deny these allegations and insist they "have never heard of Aviram Azari, the alleged

hacker" or "had any direct or indirect business relationship with him."[7]

Rule 60 "attempts to strike a proper balance between the conflicting principles that

litigation must be brought to an end and that justice should be done."[8]

---

[1]  For further background, *see Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 223–29 (2d Cir. 2020).

[2]  *See* Dkt 422.

[3]  *See* Dkt 423.

[4]  *See Yukos Cap. S.A.R.L. v. Feldman*, 977 F.3d 216, 223 (2d Cir. 2020).

[5]  *See* Dkt 457.

[6]  U.S. Attorney's Office, S.D.N.Y., Israeli Hacker-For-Hire Sentenced to 80 Months in Prison for Involvement in Massive Spearphishing Campaign, DOJ (Nov. 16, 2023), https://www.justice.gov/usao-sdny/pr/israeli-hacker-hire-sentenced-80-months-prison-involvement-massive-spearphishing.

[7]  *See* Dkt 458 at 2.

[8]  § 2851 History and Purpose of Rule, 11 Fed. Prac. & Proc. Civ. § 2851 (3d ed.).

3

"Rule 60(b) allows a party to seek relief from final judgment and reopen a case based on mistake or excusable neglect, newly discovered evidence, fraud, or the void or prospectively inequitable status of a judgment.  Rule 60(b) also includes a catchall provision—Rule 60(b)(6)—that allows a district court to reopen a case for any other reason that justifies relief.  A party seeking relief based on the grounds covered by paragraphs (1) through (3)—i.e., mistake or excusable neglect, new evidence, or fraud-faces a 1-year limitations period.  That time bar, however, does not apply to motions for relief filed under Rule 60(b)'s other paragraphs, including Rule 60(b)(6)."[9]

Although Rule 60(b) "vests wide discretion in courts,"[10] relief under Rule 60(b)(6) demands "extraordinary circumstances."[11]  Extraordinary circumstances "may include, in an appropriate case, 'the risk of injustice to the parties' and 'the risk of undermining the public's confidence in the judicial process.'"[12]  Additionally, to prevail on a Rule 60(b) motion, "courts require that the evidence in support of the motion to vacate a final judgment be highly convincing, that a party show good cause for the failure to act sooner, and that no undue hardship be imposed on other parties."[13]  This rigorous standard is essential to preserve the finality of judgments.

---

[9]     *See BLOM Bank SAL v. Honickman*, 145 S. Ct. 1612, 1619 (2025) (internal quotation marks and citations omitted).

[10]     *See Buck v. Davis*, 580 U.S. 100, 123 (2017).

[11]     *See Buck*, 580 U.S. at 123; *see BLOM Bank SAL*, 145 S. Ct. at 1620–21.

[12]     *See Buck*, 580 U.S. at 123 (quoting *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988)).

[13]     *See Kotlicky v. U.S. Fid. & Guar. Co.*, 817 F.2d 6, 9 (2d Cir. 1987) (internal quotation marks and citations omitted).

4

Moreover, "relief under Rule 60(b)(6) is available only in narrow circumstances."[14] It "provides only grounds for relief not already covered by the preceding five paragraphs."[15] Otherwise, "the catchall provision could swallow the preceding paragraphs and be used to circumvent their time bars."[16]

The substance of Feldman's allegations – that Plaintiffs directed the hacking of his personal emails with his attorney – falls within Rule 60(b)(3) because it is "fraud" or "misconduct by the opposing party."[17] "[I]f the reasons offered for relief from judgment can be considered in one of the more specific clauses of Rule 60(b), such reasons will not justify relief under Rule 60(b)(6)."[18] Feldman's motion therefore cannot be brought under Rule 60(b)(6) and, because it was brought several years after the one-year time limitation of 60(b)(3), it is time-barred.

Arguably, Feldman's allegations reach beyond mere misconduct by another party because the hacking of a litigation opponent – an increasingly common and very troubling practice[19] – constitutes extraordinary circumstances due to the "the risk of undermining the public's confidence

---

[14]    *BLOM*, 145 S. Ct. at 1619.

[15]    *Id.*

[16]    *Id.* (internal quotation marks omitted) (cleaned up).

[17]    *See* Fed. R. Civ. P. 60(b)(3) (fraud, misrepresentation, or misconduct by an opposing party).

[18]    *See United States v. Int'l Bhd. of Teamsters*, 247 F.3d 370, 391 (2d Cir. 2001).

[19]    Raphael Satter and Christopher Bing. *How Mercenary Hackers Sway Litigation Battles*. Reuters, 30 June 2022, https://www.reuters.com/investigates/special-report/usa-hackers-litigation/.

5

in the judicial process."[20]  Evidence of hacking is unlikely to be uncovered within one year of a judgment, and it strikes at the core of litigation's fairness.  If this practice were regarded as falling within the one-year time limitation of Rule 60(b)(3), very few victimized parties would be able to vacate a verdict swayed by information uncovered through an opponent's hacking.

Nevertheless, even if it were appropriate to consider Feldman's motion under Rule 60(b)(6), his motion still would fail because he has not presented highly convincing evidence that Plaintiffs, rather than someone else, directed the hacking.

While it appears that Feldman was a victim of hacking by Aazari during the years in which the litigation was ongoing — indeed the United States Attorney's Office identified Feldman as a victim of Azari's hacking and Feldman provided a victim impact statement at Azari's sentencing[21] — the evidence presented fails to persuade the Court that Plaintiffs directed the hacking.  Feldman's evidence consists largely of alleged connections between individuals at Yukos and entities with which Azari was affiliated.[22]  The circumstantial connections alleged by Feldman, even if true, would not establish that Plaintiffs hired Azari and directed him to hack Feldman's emails.  Nor has Feldman demonstrated that any information accessed through the alleged hacking advantaged Plaintiffs or materially swayed the verdict reached.

---

[20]   *Liljeberg v. Health Services Acquisition Corp.*, 486 U.S. 847, 864 (1988).

[21]   *See United States v. Azari,* No. 19 Cr. 610 (S.D.N.Y.), ECF No. 79.

[22]   For example, Feldman attempts to draw connections between Vantage Intelligence Ltd. and Notional Holdings Ltd., for which Azari completed work, and Plaintiffs.

6

For the foregoing reasons, Feldman's motion for relief from judgment under Rule 60(b)(6) (Dkts 457, 462) is denied.

SO ORDERED.

Dated:        September 17, 2025

_____
Lewis A. Kaplan
United States District Judge